Richard J. Wittbrodt, Esq., CSB # 138829
E-Mail: rwittbrodt@gglts.com
Lynsey M. Eaton, Esq. CSB # 261282
E-Mail: leaton@gglts.com
**GIBBS, GIDEN, LOCHER, TURNER & SENET LLP**
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
Telephone: (310) 552-3400
Facsimile: (310) 552-0805
(#0216.350)

Attorneys for TRISTAR DISTRIBUTING, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

IN RE:

FLEETWOOD ENTERPRISES, INC., et al.

Debtors.

---

FLEETWOOD ENTERPRISES, INC., ET AL. and OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS, on behalf of the Debtors' estates,

Plaintiffs,

v.

TRISTAR DISTRIBUTING, INC.

Defendant,

Case No.: 09-14254-MJ
Adv. Pro. No.: 6:09-ap-01381-MJ

CHAPTER 11

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF TRISTAR DISTRIBUTING, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**[Filed concurrently with (1) TriStar Distributing, Inc.'s Notice of Motion and Motion for Partial Summary Judgment; Memorandum of Points and Authorities in Support Thereof; (2) Declaration of Robin Bellaire in Support Thereof; (3) Request for Judicial Notice]**

[Jointly Administered]

**Date:** **November 12, 2009**
**Time:** **10:00 a.m.**
**Courtroom:** **302**

///

///

///

///



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

## I. DEFENDANT IS ENTITLED TO JUDGMENT IN ITS FAVOR AND AGAINST PLAINTIFFS AS A MATTER OF LAW ON COUNT II OF PLAINTIFFS' COMPLAINT.

### A. As a matter of Undisputed Fact, Debtor Fleetwood Holdings, Inc. Received Reasonably Equivalent Value for All Transfers Made to Defendant Over the Four Year Period Before Plaintiffs Filed This Adversary Proceeding.

| No. | Defendant's Undisputed Material Facts | Defendant's Supporting Evidence |
|---|---|---|
| 1. | Before the Debtors filed this Chapter 11 bankruptcy proceeding, Defendant supplied certain of the Debtors with product. | (Complaint ¶ 7) |
| 2. | Specifically, Defendant provided product to Debtors Fleetwood Travel Trailers of Oregon, Inc., Fleetwood Motor Homes of Indiana, Inc., Fleetwood Travel Trailers of Indiana, Inc., and Fleetwood Travel Trailers of Ohio, Inc. (collectively, the "Debtor Subsidiaries") | (Complaint ¶ 9) |
| 3. | Each of the Debtor Subsidiaries is wholly owned by Fleetwood Holdings, Inc. | (Request for Judicial Notice, Ex. 2 at ¶ 9) |
| 4. | Defendant dealt with each Debtor Subsidiary individually in that it would sell product to a Debtor Subsidiary in accordance with a purchase order received from that specific Debtor Subsidiary. | (Declaration of Robin Bellaire in Support of TriStar Distributing, Inc.'s Motion for Partial Summary Judgment ("Bellaire Decl.") ¶ 4) |
| 5. | Defendant would then invoice the specific Debtor Subsidiary directly. | (Bellaire Decl. ¶ 5) |



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

| | | |
|---|---|---|
| 6. | Payment would not come directly from the Debtor Subsidiary; rather, payments were made to Defendant in the form of a check from Fleetwood Holdings, Inc. | (Bellaire Decl. ¶ 6) |
| 7. | Defendant never requested that its payments be processed through Fleetwood Holdings, Inc. | (Bellaire Decl. ¶ 7) |
| 8. | In fact, this system for processing payments was the creation of Debtors "to consolidate amounts owed across the plants to the same vendor into a single payment made to that vendor [TriStar Distributing] from the Central Pay Account of Fleetwood Holdings, Inc." | (Complaint ¶ 8) |
| 9. | Each of the payments detailed in the Exhibits to Plaintiffs' Complaint represented the fair market value for materials sold and delivered to the Debtor Subsidiaries by Defendant. | (Bellaire Decl. ¶ 8) |
| 10. | According to the Debtor Subsidiaries' own admission, the Cash Management System employed by the Debtor Subsidiaries was used by the Debtors for 59 years and "is a customary and essential business practice." | (Request for Judicial Notice, Ex. 2 ¶ 65) |
| 11. | According to the Declaration of Griffiths, Fleetwood Holdings, Inc. would make payments on behalf of other debtor subsidiaries as follows: | (Request for Judicial Notice, Ex. 2 ¶ 76) |



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

| | | |
|---|---|---|
| | The Debtors centralize many of their payments using a centralized vendor payment system ("Central Pay") whereby trade payable balances owed by individual manufacturing entities ("Plants") are paid directly by FHI ["Fleetwood Holdings, Inc."] on behalf of those Plants. The Debtors have several vendors that provide raw materials and services to more than one Plant. Rather than have each plant remit multiple payments for amounts owed to the same vendor each week, Central Pay is used to consolidate amounts owed across the Plants to the same vendor in a single payment made to that vendor from the Central Pay Account at FHI. As a result of these practices, the Debtors save not only postage and fees from reduced check and wire payments, but also save on the administrative costs required to process multiple payments each week. Consolidating payments at FHI also provides the Debtors with greater centralized control over disbursements. Due to these benefits, over half of the Debtors' trade invoices paid in the second quarter of this year were paid through Central Pay.<br><br>When a Central Pay payment is made, an intercompany receivable is created on FHI's | |

| | | |
|---|---|---|
| | books and an intercompany payable is created on the books for those Plants on behalf of which the payment was made. No cash payment is made between the Debtors to satisfy these intercompany balances, rather, the balances are netted upon consolidation at the end of every month. | |
| 12. | In addition to centralizing disbursements, the Cash Management System also ensures that all accounts receivable from any of the Debtor entities flows into an account operated by Fleetwood Holdings, Inc. | (Request for Judicial Notice, Ex. 2 ¶ 66(i)) |
| 13. | As detailed in the Griffiths Declaration, the Debtors maintain a single bank account which collects *all receipts received by the Debtors*. | (Request for Judicial Notice, Ex. 2 ¶ 66(i), emphasis added). |
| 14. | This account, maintained at Bank of America, applies all receipts collected into the account first to any outstanding Secured Credit Facility loan balance with Bank of America and then is distributed out to Fleetwood Holdings, Inc. | (Request for Judicial Notice, Ex. 2 ¶66(i)) |
| 15. | On the day Fleetwood Enterprises, Inc. and the Debtor Subsidiaries filed their Jointly Administered Chapter 11 Bankruptcy, they filed an "Emergency Motion for an Order Authorizing (A) Continued Use of Cash Management System | (Request for Judicial Notice, Ex. 1) |



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

| | | |
|---|---|---|
| | and Bank Accounts" | |
| 16. | This Court granted Debtors' Motion on March 13, 2009. | (Request for Judicial Notice, Ex. 3) |
| 17. | Through their Complaint, Debtors and the Creditors' Committee seek to avoid and recover, as fraudulent, each payment made by Debtors to Defendant for the past 4 years, a total of over $5,800,000 through Debtors' "centralized", "customary and essential" Cash Management System. | (Complaint) |
| 18. | By Debtors' own acknowledgement, over 55% of all payments made to all creditors were made under the Cash Management System through Fleetwood Holdings, Inc. | (Request for Judicial Notice, Ex. 2 ¶ 76) |
| 19. | The only creditors that have been sued for alleged "fraudulent transfers" are the creditors that have moved this Court for payment of their § 503 administrative claim arising out of their demand for reclamation. | (Request for Judicial Notice ¶¶ 4-6) |

**B. As a Matter of Undisputed Fact, None of the Transfers Made by Fleetwood Holdings, Inc. to Defendant Over the Last Four Years Are Fraudulent Under Cal.Civ.Code § 3439.04.**

| | | |
|---|---|---|
| 20. | *See* Undisputed Material Facts 1 through 19, above. | *See* Supporting Evidence 1 through 19, above. |



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

**C. As a Matter of Undisputed Fact, Plaintiffs Cannot Meet Their Additional Burden of Proof that Fleetwood Holdings, Inc. Was Engaged or Was About to Engage in a Business or a Transaction For Which Its Remaining Assets Were Unreasonably Small in Relation to the Business or Transaction or that It Intended to Incur, or Believed or Reasonably Should Have Believed that it Would Incur, Debts Beyond Its Ability to Pay as They Became Due Under Cal.Civ.Code § 3439.04.**

| | | |
|---|---|---|
| 21. | *See* Undisputed Material Facts 1 through 19, above. | *See* Supporting Evidence 1 through 19, above. |

**D. As a Matter of Undisputed Fact, Plaintiffs Cannot Meet Their Additional Burden of Proof that Fleetwood Holdings, Inc. Was Insolvent at the Time of the Transfers or that the Debtor Became Insolvent as a Result of the Transfer or Obligation Under Cal.Civ.Code § 3439.05.**

| | | |
|---|---|---|
| 22. | *See* Undisputed Material Facts 1 through 19, above. | *See* Supporting Evidence 1 through 19, above. |

///

///

///

///

///

///

///

///

## II. DEFENDANT IS ENTITLED TO JUDGMENT IN ITS FAVOR AND AGAINST PLAINTIFFS AS A MATTER OF LAW ON COUNT III OF PLAINTIFFS' COMPLAINT.

### A. As a Matter of Undisputed Fact, Debtor Fleetwood Holdings, Inc. Received Reasonably Equivalent Value for All Transfers Made to Defendant Over the Four Year Period Before Plaintiffs Filed This Adversary Proceeding.

| | | |
|---|---|---|
| 23. | *See* Undisputed Material Facts 1 through 19, above. | *See* Supporting Evidence 1 through 19, above. |

### B. As a Matter of Undisputed Fact, None of the Transfers Made by Fleetwood Holdings, Inc. to Defendant Over the Last Two Years Are Fraudulent Under 11 U.S.C. § 548

| | | |
|---|---|---|
| 24. | *See* Undisputed Material Facts 1 through 19, above. | *See* Supporting Evidence 1 through 19, above. |

### C. As a Matter of Undisputed Fact, Plaintiffs Cannot Meet Their Additional Burden of Proof that Fleetwood Holdings, Inc. Was Insolvent on the Date of Each Transfer or Became Insolvent as a Result of the Transfer or Obligation Under 11 U.S.C. § 548.

| | | |
|---|---|---|
| 25. | *See* Undisputed Material Facts 1 through 19, above. | *See* Supporting Evidence 1 through 19, above. |

///

///



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

## III. DEFENDANT IS ENTITLED TO JUDGMENT IN ITS FAVOR AND AGAINST PLAINTIFFS AS A MATTER OF LAW ON COUNT III OF PLAINTIFFS' COMPLAINT.

### A. As a Matter of Undisputed Fact, Plaintiffs Are Not Entitled to Avoid and Recover Any of the Transfers Made by Fleetwood Holdings, Inc. to Defendant Over the Last Four Years.

| | | |
|---|---|---|
| 26. | *See* Undisputed Material Facts 1 through 19, above. | *See* Supporting Evidence 1 through 19, above. |

DATED: September 17, 2009

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

By: ______________________
Richard J. Wittbrodt
Lynsey M. Eaton
Attorneys for Creditor
TRISTAR DISTRIBUTING. INC.



GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

# ELECTRONIC PROOF OF SERVICE

**In Re: Fleetwood Enterprises, Inc., et al. (Debtors)**
**Case No. 09-14254-MJ \ Adv. Pro. No.: 6:09-ap-01380-MJ**

I, M. Esther Juarez, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Gibbs, Giden, Locher, Turner & Senet LLP, 1880 Century Park East, 12th Floor, Los Angeles, California 90067-1621. On September 17, 2009, I served the document(s) described as: **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF TRISTAR DISTRIBUTING, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** as follows:

☒ **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the Mandatory Electronic Filing through CM/ECF website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ [Federal] I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 17, 2009, at Los Angeles, California.

M. Esther Juarez